## Edwards v. Edwards

*David Landau* and *Harold R. Wruble,* for plaintiff.

*E. C. Marianelli,* for defendant.

PINOLA, J., October 1, 1948.—On February 5, 1948, Enoch H. Thomas, Jr., was appointed by the court as trustee to make sale of certain real property situate in Hunlock Township, Luzerne County, owned at the time of their divorce by plaintiff and defendant.

The parties were married on March 28, 1937, and they acquired title to the property as tenants by entireties on April 8, 1937. They were divorced on May 4, 1946. So the partition of the property was subject to the provisions of the Act of May 10, 1927, P. L. 884, 68 PS §501 et seq.

In his answer, defendant set up under "New Matter" a counterclaim for $700, which sum he alleged he loaned to his wife out of his own funds. He declared

that the parties had an agreement before he went into the service that the wife could keep whatever earnings she received, as well as allotments, and that the husband in turn should keep whatever moneys he might accumulate. On his return from the service he opened a bank account in the Plymouth National Bank, in both names, and in it he deposited $1,400 of his own money.

At the time the wife left him, on December 7, 1945, she left a note requesting a loan of money which she promised to repay. On February 26, 1946, the husband did give her $700, which he considers a loan and which she considers the share to which she was entitled of the bank account.

She denied that there was any oral agreement such as alleged by the husband.

The master was of the opinion that the payment was not a loan, and furthermore that the claim for setoff could not be made in this proceeding.

Exceptions to the master's report were filed by defendant. The first is to the trustee's finding of fact no. 20, that the payment was not a loan; the second is to the proposed distribution because of the failure of the master to give effect to the payment as a loan, and the third is to finding of fact no. 18 because the schedule of distribution does not give effect to the payment as a loan.

### Discussion

From our examination of the act and the decided cases, we are of the opinion that the exceptions are without merit.

The pertinent provisions of the Act of 1927, P. L. 884, are as follows:

"Sec. 1.

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, either . . . may bring suit . . . against the other to

have the property sold and the proceeds divided between them.

"Sec. 2.

"If satisfied that the relief asked for is proper, the court. . . shall order a trustee to be appointed by the court to make public sale of said property.

"Sec. 3.

"In any case where a husband and wife shall hereafter acquire property as tenants by entireties, and shall be divorced, the interest of each . . . subsequent to said divorce, shall be conclusively deemed to be one-half of the value of the property, and, to accomplish the provisions of this Act, the common-law rule relating to entireties is hereby modified. The proceeds of any sale . . . after the payment of the expenses thereof, shall be equally divided between the tenants by entireties, subject, however, to the deduction therefrom of the amount of any lien entered of record jointly against both of the respective tenants by entireties, together with any interest due thereon and docket costs, . . . and the amount of any liens entered of record against either of such tenants by entireties, together with interest due and costs taxed thereon, shall be deducted from the share of the tenant by entireties against whom such lien is filed."

In spite of the language of the act, that the share of each tenant shall be conclusively deemed to be one half of the value of the property, and that from the proceeds of the property only liens shall be deducted, defendant urges that equity having taken jurisdiction, it should retain jurisdiction for all purposes and give effect to the alleged oral agreement.

In this position he is supported by Judge Knight of Montgomery County, in Janney v. Janney, 61 York 51. In that case, prior to the divorce the parties agreed in writing to partition their real estate and to execute

deeds to be held in escrow until the divorce was granted. Further, plaintiff agreed to assign a certain automobile to defendant and to pay her stipulated amounts for the support of herself and the three children of their marriage. Defendant, in his answer, under new matter, prayed that plaintiff be directed and ordered to comply with the terms of the separation agreement. Preliminary objections filed were overruled. Referring to section 2 of the Act of 1927, which provided that the court shall order a trustee to be appointed to make public sale of the property, "if satisfied that the relief asked for is proper," Judge Knight held that this section, together with Equity Rule 52, provided the relief asked for. He said, page 52:

"Surely, this language contemplates that there may be a case where a court of equity would be warranted in denying the relief. If the plaintiff's contention is correct, relief in all such cases must always be found to be proper as a matter of course. Further there would be no point with charging a court of equity with the administration of the act, if it were not contemplated that the court should deal with the case as it would with any other matter cognizable in equity, so as to accomplish justice between the parties."

We have a high regard for the skill and acumen of Judge Knight, but we regret that we cannot agree with him. The Act of 1927 must be read in its entirety. To give effect to section 2 as suggested by Judge Knight is to render meaningless the provisions in section 3 which conclusively fix the share of each tenant and direct that the proceeds shall be equally divided, subject only to the deduction for liens.

In Heffelfinger v. Heffelfinger, 43 Dauph. 230, the husband in his answer averred that the property had been conveyed to him and his wife in consideration of certain agreements by the wife to the effect that she

would join in signing and delivering certain notes for money borrowed by the wife and applied to the reduction of the mortgage on the property, which agreement she subsequently refused to perform. The court held that it could not go into the disputed facts as raised by the parties, and said, page 232:

"Upon due consideration of this section, we are of the opinion that the purpose of this act was to avoid issues of fact such as are raised in this case and the word conclusively is used with the intent of putting to an end the raising of such issues of fact, otherwise it is meaningless."

In Reitz v. Reitz, 5 Fayette 143, after her divorce plaintiff brought a bill in equity to partition certain securities acquired by her and defendant during their marriage as tenants by entireties. He answered, admitting their joint acquisition of the securities and his possession, but alleging that she refused to account for household furniture and. effects of greater value that belonged to him. In denying the claim, Judge Carr said, page 144:

"The word 'conclusively' in this context (68 PS §503) must be understood as requiring an irrefutable inference of equality of common ownership, both legal and equitable. It closes the door to controversy, shutting out all issues of fact tendered to defeat her right to have the estate liquidated and the proceeds divided."

The same conclusion was reached by the court in Inman v. Wasler, 58 D. & C. 168, where in a bill brought to partition real estate after a divorce, defendant alleged that his wife, plaintiff, had appropriated to her own use approximately $11,000 in war bonds and $3,000 in cash belonging to him, and prayed that she be made to account for the bonds and cash and that the amount due become a lien against her share of

the property. The court, referring to the Reitz and Heffelfinger cases, supra, said, page 172:

"We are of the opinion that there is no authority in the law under which plaintiff filed the bill in equity whereby we can consider this matter raised by defendant."

We are of the same mind. The claim of defendant has no place in these proceedings which are entirely statutory and he must resort to his remedy at law.

Accordingly, we enter the following

### Order

Exceptions of defendant to the trustee's report dismissed, the report of the trustee confirmed, the trustee directed to make distribution in accordance with the schedule therein contained, and upon filing of receipts of the parties for their respective shares, trustee and his surety will be discharged.